UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IBN I. CARTER-EL, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 2:05-CV-0360-PS |
| ROGELLIO DOMINGUEZ, Sheriff, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

When Ibn Carter-El filed this action, he was a prisoner confined at the Lake County Jail. The court granted Mr. Carter-El leave to proceed without full prepayment of fees and costs. Granting a prisoner's request to proceed *in forma pauperis* means that the inmate must pay the full filing fee, but may benefit from procedures whereby he will be permitted to pay the fee in installments from his prison trust account. 28 U.S.C. § 1915(b). On November 1, 2005, the court ordered Mr. Carter-El to pay an initial partial filing fee of $15.78. Mr. Carter-El has not yet paid the initial partial filing fee of $15.78 in this case, nor has he made any installment payments pursuant to § 1915(b)(2).

Mr. Carter-El has been released from custody, and to the best of the Court's knowledge, is no longer confined in any jail or penal facility. Because Mr. Carter-El has been released from custody, there is no institutional account from which the initial partial filing fee can be paid. For purposes of the Prison Litigation Reform Act, the court must determine the plaintiff's status on the date the suit or appeal is "brought." *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996). Mr. Carter-El was a prisoner when he submitted his complaint and request to proceed *in forma pauperis*. Where a prisoner has been released from custody before the court has made an *in forma pauperis* determination, the prisoner must pay any initial partial filing fee he would have been liable for under the analysis of § 1915(b)(1). *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). In *Robbins*, the court required "prepayment of the sum that should have been remitted before release." *Id.* at 898.

Failure to pay the initial partial filing fee will result in the dismissal of this case for failure to prosecute.

Section 1915(b)(2) contemplates that a prisoner make installment payments toward the filing fee from his trust account, but a prisoner's release from incarceration means that there is no longer a prison trust account from which to withdraw payments. When a prisoner is released from custody, the court must reconsider his financial status and determine his ability to continue to make payments toward the filing fee. *Robbins v. Switzer*, 104 F3d at 898.

For the foregoing reasons, the court **AFFORDS** Mr. Carter-El up to and including January 9, 2006, within which to pay the initial partial filing fee of $15.78, and to either pay the remainder of the $250.00 filing fee or advise the court of his current financial situation. Failure to respond to this order will result in this case being dismissed without prejudice and without further notice.

SO ORDERED this 9th day of December, 2005.

                                            s/ Paul R. Cherry
                                            MAGISTRATE JUDGE PAUL R. CHERRY
                                            UNITED STATES DISTRICT COURT

cc:    All counsel of record
       *Pro se* Plaintiff, Ibn I. Carter-El, 363 East 59th Place, Merrillville, IN, 46410