UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IBN I. CARTER-EL, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) NO. 2:05-CV-360 PS |
| LAKE COUNTY, INDIANA, *et al.,* | ) ) ) |
|     Defendants. | ) |

## OPINION AND ORDER

Ibn I. Carter-EL filed the complaint in this case under 42 U.S.C. § 1983 while he was a prisoner confined at the Lake County Jail. He has now been released from custody. The Court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis

omitted).

Carter-EL names Lake County Sheriff Rogellio Dominguez, Lake County, the Lake County Jail, and the East Chicago Police Department as Defendants. He alleges that East Chicago Police Officers Clifford Rhodes and Anthony Rigs violated his Fourth Amendment right against unreasonable searches and seizures when they entered his apartment and threw him out a second story window. He asserts that Sheriff Dominguez held him in a segregation section because of his escape charge, that jail officials did not hear inmate grievances and violated court orders that he be able to use jail programs, and that if Sheriff Dominguez had ensured that jail rules were followed he would not have been exposed to inadequate medical treatment at the jail.

Carter-EL brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing § 1983). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Carter-EL names the Lake County Jail as a defendant. Section 1983 imposes liability on any "person" who violates an individual's federal rights "under color of state law." But a jail "is not a 'person' — it is not a legal entity to begin with." *Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993).

Carter-EL also names the East Chicago Police Department as a defendant. But under Indiana law, a "police department" has no separate corporate existence and is therefore not a entity that can be sued. *See West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997); *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988) ("A city's police department is merely a

omitted).

Carter-EL names Lake County Sheriff Rogellio Dominguez, Lake County, the Lake County Jail, and the East Chicago Police Department as Defendants. He alleges that East Chicago Police Officers Clifford Rhodes and Anthony Rigs violated his Fourth Amendment right against unreasonable searches and seizures when they entered his apartment and threw him out a second story window. He asserts that Sheriff Dominguez held him in a segregation section because of his escape charge, that jail officials did not hear inmate grievances and violated court orders that he be able to use jail programs, and that if Sheriff Dominguez had ensured that jail rules were followed he would not have been exposed to inadequate medical treatment at the jail.

Carter-EL brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing § 1983). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Carter-EL names the Lake County Jail as a defendant. Section 1983 imposes liability on any "person" who violates an individual's federal rights "under color of state law." But a jail "is not a 'person' — it is not a legal entity to begin with." *Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993).

Carter-EL also names the East Chicago Police Department as a defendant. But under Indiana law, a "police department" has no separate corporate existence and is therefore not a entity that can be sued. *See West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997); *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988) ("A city's police department is merely a

vehicle through which the city government fulfills its policy functions and is not a proper party defendant.").

Mr. Carter-EL names Lake County as a defendant for how he was handled at the Lake County Jail. (*See* Compl. at 3.) But under Indiana law, a county jail is under the supervision of the county sheriff, the responsibility of administering and operating the jail is placed solely on the sheriff, and the sheriff is responsible for the care of the prisoners confined there. *See* IND. CODE § 36-2-13-5(a)(7); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356-57 (Ind. Ct. App. 1994). "It is well settled that Indiana Sheriffs are not subject to the control or authority of the County Commissioners of the county in which they hold office." *Hupp v. Hill*, 576 N.E.2d 1320, 1326 (Ind. Ct. App. 1991). As one court put it:

> The county commissioners, and accordingly, the county, does not have any control over the acts of the sheriff. The sheriff is an office created by Article 6, § 2 of the Indiana Constitution and the powers and duties of the office are established by the Legislature. *See, e.g.,* Ind. Code Ann. § 36-2-13-5 (Burns Supp. 1986). Although the county commissioners have limited emergency powers relating to the appointment of extra deputies, those powers do not relate to the ability to control the acts performed by any deputy or, indeed, by the sheriff. *See* Ind. Code Ann. § 36-8-10-6(b) (Burns 1981). Hence, an agency relationship does not exist between the county and its commissioners and the sheriff.

*Delk v. Board of Commissioners of Delaware Co.*, 503 N.E.2d 436, 440 (Ind Ct. App. 1987).

Finally, Carter-EL names Lake County Sheriff Rogelio Dominguez as a defendant. A person may sue a sheriff for events that occurred at the county jail in his official capacity if a governmental policy or custom caused the alleged violation of the plaintiff's rights. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). A person may also sue the sheriff if he was personally involved in, participated in, or was directly responsible for the conditions of which he complains. *See Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Moore v. State of Indiana*, 999

3

F.2d 1125, 1129 (7th Cir. 1993). For the purposes of this Order, the Court will assume that Carter-EL seeks to sue Sheriff Dominguez in both his official and individual capacities.

Carter-EL asserts that if the Sheriff had ensured that jail rules were followed he would not have received inadequate medical treatment at the jail and that conditions at the jail caused him "health issues." (Compl. at 3.) Giving him the benefit of the inferences to which he is entitled, we will allow Carter-EL to proceed against the sheriff on his Fourteenth Amendment claims that he did not receive medical treatment for his broken leg at the jail and that jail conditions caused him adverse health issues. Nonetheless, his complaint suggests that the rules were adequate and that the sheriff merely did not ensure that his subordinates followed the rules. If this is the case, then both the official and personal capacity claims against the sheriff may be subject to summary judgment. Carter-EL may conduct discovery to determine the identity of the jail employees he believes denied him adequate medical care, and amend his complaint to add these individuals as defendants if Carter-EL so chooses.

Carter-EL also seeks to sue the sheriff because he was held "in a segregation section because of my exscape (sic) charge[,] but I didn't try to escape from the Lake County Jail [and] I haven't been convicted of exscape (sic)." (Compl. at 3-4.) This states no claim upon which relief can be granted because a sheriff may place a pre-trial detainee in a segregation unit for security reasons if he believes the prisoner is an escape risk even if the prisoner has not been convicted of escape and has not attempted to escape from that particular jail. *See Zimmerman v. Tippecanoe Sheriff's Dep't*, 25 F. Supp. 2d 915, 921 (N.D. Ind. 1998) (holding a pre-trial detainee in administrative segregation where the segregation unit was more secure and the sheriff believed that the inmate constituted a security risk did not violate the due process clause) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 291 & n.5 (7th Cir. 1995)).

Carter-EL alleges that the jail was under court order to use jail programs but that jail officials violated the court orders. The right to use these jail programs arose not from the United States Constitution or laws, but rather from state law. Accordingly, these allegations state no

4

claim upon which relief can be granted under § 1983. *See West v. Atkins*, 487 U.S. at 48. Carter-EL's remedy for violation of state court orders was not to file a § 1983 action but rather to seek enforcement of the orders in the issuing court.

Finally, Carter-EL asserts that jail officials were not hearing inmate grievances. The Constitution, however, does not require that a jail provide a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). And, alleged violations of prison grievance procedures state no claim under § 1983. *See id*. Thus, a jail official who ignores or denies a prisoner's grievance does not violate the Fourteenth Amendment's due process clause. *See, e.g., Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Accordingly, that Lake County Jail officials may not have considered inmate grievances or denied Carter-EL access to the grievance system states no claim upon which relief can be granted.

However, 42 U.S.C. § 1997e(a) requires prisoners to exhaust any available institutional grievance procedure before they may file a § 1983 claims regarding conditions of confinement. If the Lake County Jail officials did not abide by their own administrative procedures, they may have waived reliance on the exhaustion defense. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

Finally, Carter-EL alleges that East Chicago Police Officers Clifford Rhodes and Anthony Rigs violated his federally protected rights though he had not named them as defendants. Giving Carter-EL the benefit of the inferences to which he is entitled at the pleadings stage, allegations that Officers Rhodes and Rigs violated his Fourth Amendment right against unreasonable searches and seizures when they entered his apartment and threw him out a second-story window states a claim upon which relief can be granted. *See Graham v. Conner*, 490 U.S. 386, 395 (1989). However, Carter-EL has not named either officer in his complaint. Carter-EL may amend his complaint to re-plead his Fourth Amendment claim by personally naming Officers Rhodes and Rigs.

5

For the foregoing reasons, the Court:

(1) Allows Plaintiff to proceed against Sheriff Rogellio Dominguez on his Fourteenth Amendment claim that he did not receive medical treatment for his broken leg at the jail and that jail conditions caused him health issues;

(2) **DENIES** Plaintiff leave to proceed against Lake County, the Lake County Jail, and the East Chicago Police Department, and, pursuant to 28 U.S.C. § 1915A(b)(2), **DISMISSES** Lake County, the Lake County Jail, and the East Chicago Police Department, and all claims except the Fourteenth Amendment claim that he did not receive medical treatment for his broken leg at the jail and that jail conditions caused him health issues;

(3) **DIRECTS** the United States Marshals Service to effect service of process on Rogellio Dominguez and **DIRECTS** the clerk to ensure that a copy of this Order is served on Defendant Dominguez along with the summons and complaint;

(4) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendant Dominguez respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(5) **DIRECTS** the clerk to enclose a 42 U.S.C. § 1983 Prisoner Complaint packet with a copy of this Order sent to Plaintiff.

**SO ORDERED.**

ENTERED: June 20, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
